US DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHARON STREHARSKY**
3932 Hayes Road
Dorset, OH 44032

and

**MARTIN STREHARSKY**
3932 Hayes Road
Dorset, OH 44032

     Plaintiffs,

v.

**KATELYN R. DOWLING**
26 Ramblewood Lane
Greenville, SC 29615

And

**BABCOCK POWER SALES, INC.,
aka BABCOCK POWER SERVICES, INC.
aka BABCOCK POWER ENVIRONMENTAL INC.
C/o CT Corp System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219**

     Defendants.

Case No.:

Judge

**COMPLAINT WITH JURY DEMAND
ENDORSED HEREON**

Sharon Streharsky and Martin Streharsky file the following complaint.

**OVERVIEW**

This is a clear liability collision between an automobile in which Plaintiff, Martin Streharsky, was operating a motor vehicle, Plaintiff, Sharon Streharsky, was a passenger.  Defendant, Katelyn R. Dowling, was operating a vehicle and pulled into Plaintiff's lane of travel on August 20, 2019 at the intersection of State Route 193 and State Route 167 in the Township of Denmark, County of Ashtabula, State of Ohio.  Plaintiffs sustained severe injuries for which they were transported from the accident scene.

1. Sharon Streharsky and Martin Streharsky were citizen of the State of Ohio, residing in Ashtabula County.

2. Defendant, Katelyn R. Dowling resides at 26 Ramblewood Lane, Greenville, SC 29615.  She is a domiciliary and citizen on the State of South Carolina, residing in Greenville County.

3. Defendant, Babcock Power Sales, Inc., aka Babcock Power Services, Inc., aka Babcock Power Environmental, Inc. (Collectively referred to as "Defendants Babcock Power" hereinafter) are business entities organized and existing under the State of Delaware.  Defendants Babcock Power have designated CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219 as their agent for the purpose of service of process of this Complaint under 49 C.F.R. §366.

**JURISDICTION and VENUE**

4. Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

2

5. Since the Defendants are not a citizen of Ohio and the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

6. Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring in Denmark Township, Ashtabula County, Ohio, which is located in this judicial district.

### FIRST CAUSE OF ACTION
*Negligence of Katelyn R. Dowling against Plaintiff, Martin Streharsky*

7. On August 20, 2019 Plaintiff, Martin Streharsky, was operating his motor vehicle north on State Route 193 and was crossing the intersection with State Route 167.

8. On August 20, 2019, Defendant Katelyn R. Dowling was operating a motor vehicle west on State Route 167 and failed to stop at a stop sign before crossing State Route 193, causing a severe and violent collision with the Plaintiff's vehicle.

9. Defendant, Katelyn R. Dowling, had a duty to drive her vehicle in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices and to recognize and stop for all cross traffic.

10. On August 20, 2019, Defendant, Katelyn R. Dowling, failed in the above-mentioned duties and is therefore negligent.

11. Defendant, Katelyn R. Dowling's negligence was the direct and proximate cause of Plaintiff, Martin Streharsky's, injuries.

12. As a direct and proximate result of Defendant, Katelyn R. Dowling's negligence, Plaintiff, Martin Streharsky, incurred medical bills for the treatment of his injuries directly resulting from this collision.

13. As a direct and proximate result of Defendant, Katelyn Dowling's negligence, Plaintiff, Martin Streharsky, experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION
*Negligence of Katelyn R. Dowling against Plaintiff, Sharon Streharsky*

14. All allegations and causes of action above are incorporated into this cause of action by reference.

15. On August 20, 2019 Plaintiff, Sharon Streharsky, was a passenger in a motor vehicle being operated by Plaintiff, Martin Streharsky, traveling north on State Route 193 and crossing the intersection with State Route 167.

16. On August 20, 2019, Defendant Katelyn R. Dowling was operating a motor vehicle west on State Route 167 and failed to stop at a stop sign before crossing State Route 193, causing a severe and violent collision with the vehicle in which Plaintiff, Sharon Streharsky, was a passenger.

17. Defendant, Katelyn R. Dowling, had a duty to drive her vehicle in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices and to recognize and stop for all cross traffic.

4

18. On August 20, 2019, Defendant, Katelyn R. Dowling, failed in the above-mentioned duties and is therefore negligent.

19. Defendant, Katelyn R. Dowling's negligence was the direct and proximate cause of Plaintiff, Sharon Streharsky's injuries.

20. As a direct and proximate result of Defendant, Katelyn R. Dowling's negligence, Plaintiff, Sharon Streharsky, incurred medical bills for the treatment of her injuries directly resulting from this collision.

21. As a direct and proximate result of Defendant, Katelyn Dowling's negligence, Plaintiff, Sharon Streharsky, experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

## THIRD CAUSE OF ACTION
*Vicarious Liability of Defendants Babcock against Plaintiffs*

22. All allegations and causes of action above are incorporated into this cause of action by reference.

23. At all times relevant, Defendant, Katelyn R. Dowling, was an employee, agent, servant, or independent contractor for Defendants Babcock Power. Accordingly, Defendants Babcock Power are vicariously liable for the acts of Defendant Katelyn R. Dowling described in the causes of action above.

24. Regardless of the employment or agency relationship, Defendants Babcock Power are responsible for the acts of the Defendant driver, Katelyn R. Dowling.

## THIRD CAUSE OF ACTION
*Consortium Claims*

25. All allegations and causes of action above are incorporated into this cause of action by reference.

26. Plaintiffs Martin Streharsky and Sharon Streharsky were married at the time of this crash and remain married.

27. As a direct and proximate result of Defendant's negligence, Plaintiff, Martin Streharsky has lost the companionship, society, services and consortium of his wife, Sharon Streharsky.

28. As a direct and proximate result of Defendant's negligence, Plaintiff, Sharon Streharsky has lost the companionship, society, services and consortium of her husband, Martin Streharsky.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ Henry W. Chamberlain
Henry W. Chamberlain (0046682)
The Chamberlain Law Firm
34970 Detroit Road, Suite 208
Avon, OH 44011
T  440-695-0150
F  440-695-0154
Hank@Chamberlain-law.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all triable issues.

Respectfully submitted,

   /s/ Henry W. Chamberlain
Henry W. Chamberlain (0046682)
The Chamberlain Law Firm